# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 3, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE 19899

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re:   *Twitter, Inc. v. Elon R. Musk et al.*,
>        C.A. No. 2022-0613-KSJM

Dear Counsel:

This is yet another letter addressing disputes concerning the Second Motion for Leave to Amend Defendants' Verified Counterclaims, Answer, and Affirmative Defenses (the "Second Motion to Amend") filed by Defendants Elon R. Musk, X Holdings I, Inc. and X Holdings II, Inc. (collectively, "Defendants") on September 9, 2022.[1]

In response to the Second Motion to Amend (which I granted on September 22)[2], Plaintiff Twitter Inc. ("Plaintiff") moved for supplemental discovery concerning the

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 440.

[2] Dkt. 580.

amendments.[3] I granted this request during oral argument on September 27, then entered Defendants' form of order regarding supplemental discovery on September 30.[4] Later that day, the parties filed dueling letters proposing search protocols concerning the supplemental discovery.[5]

The supplemental discovery relates to potential communications between Defendants (or Defendants' attorneys) and Peiter Zatko. The parties dispute centers on the search protocol governing Defendants' supplemental production, namely: (i) document-type, (ii) custodians, and (iii) search terms.

Defendants propose to limit their search to (i) emails, (ii) in the files of Plaintiff's proposed list of Quinn Emanuel and Skadden custodians, as well as Musk and Birchall, (iii) captured by any one of three search terms: Zatko*, Mudge*, and peiterz@gmail.com.[6]

Plaintiff proposes that Defendants search (i) other forms of electronically stored information ("ESI"), including texts and instant messages, as well as all hard copy documents, (ii) in the files of those custodians listed by Defendants as well as "[a]ll other

---

[3] Dkt. 566.

[4] Dkt. 662.

[5] Dkt. 671 ("Pl.'s Proposed Search Protocol"); Dkt. 672, 673 ("Defs.' Proposed Search Protocol"). Defendants then submitted an additional letter responding to Plaintiff's proposal. Dkt. 675 ("Defs.' Reply Letter"). Plaintiff moved to strike the reply because the parties' scheduling order, which Defendants drafted, did not contemplate a right to reply. because I rule largely for Plaintiff even considering the substance of Defendants' reply, I do not resolve this dispute.

[6] Defs.' Proposed Search Protocol, Exs. A, B.

attorneys for defendants involved in communications related to Zatko," (iii) captured by a much longer list of search terms.[7]

Plaintiff argues that its broader proposal is necessary to investigate an unusual May 6 email produced from the files of Quinn Emanuel.[8] The email was sent from an anonymous account hosted by protonmail.com (a popular encrypted email provider) to Quinn Emanuel attorney Alex Spiro and purports to be from "a former Exec at Twitter leading teams directly involving Trust & Safety/Content Moderation."[9] The author offers Musk information on Twitter and suggests communicating "via alternate secure means."[10] Several of Plaintiff's proposed search terms arise from this specific email.[11] The email's suggestion to use "alternate secure means" to communicate also supports Plaintiff's request for a search of non-email ESI.

Defendants have two main objections to Plaintiff's proposal: relevance and burden. Defendants argue that they have already confirmed in their interrogatory answers that neither they nor their attorneys have had contact with Zatko or his representatives.[12] Defendants observe that Zatko stated under oath during his deposition that he had not

---

[7] Pl.'s Proposed Search Protocol, Ex. A at 1–2.

[8] Pl.'s Proposed Search Protocol at 6; *see id.*, Ex. J (the email in question).

[9] *Id.*

[10] *Id.*

[11] Pl.'s Proposed Search Protocol, Ex. A at 2.

[12] Defs.' Proposed Search Protocol at 2.

communicated with Defendants or their lawyers, including Spiro.[13]  Defendants also state

in their reply letter that "there was only one hit for the [anonymous May 6 sender's] email

address in the Quinn Emanuel files and there is no evidence that it was sent to anyone."[14]

Defendants argue that these statements foreclose the possibility that Zatko sent the May 6

email, rendering much of Plaintiff's discovery irrelevant.

I disagree.  Defendants' interrogatory answers do not obviate the need for Plaintiff

to test those answers through document discovery; if they did, document discovery would

rarely be permitted.  Zatko's testimony, while sworn, is not susceptible to a credibility

assessment at this stage and is therefore not dispositive.  Moreover, Defendants' statements

concerning the May 6 email raise more questions.  For example, Defendants do not state

whether anyone replied to the May 6 email or took any steps (successful or otherwise) to

determine the sender's identity.  The timing and the contents of the May 6 email render it

at least plausible that Zatko was the author.  Given Defendants' reliance on Zatko's

allegations, Plaintiff is entitled to investigate the possibility of communications between

Zatko and Defendants.

Defendants also argue that Plaintiff's proposal would be immensely burdensome.

Given the abbreviated timeframe of the dispute, Defendants did not provide full hit counts

to substantiate their claim.  They stated that an initial search of Quinn Emanuel's emails

---

[13] Defs.' Proposed Search Protocol at 2; *id.*, Ex. C.

[14] Defs.' Reply Letter at 3; Defs.' Proposed Search Protocol, Ex. E at 8–9.

based on Twitter's requested search terms generated over 10,000 hits.[15] Plaintiff's list of search terms does appear to be overbroad. For example, the search term "*Protect" generates over 7,500 hits in the Quinn Emanuel document set, most of which are presumably unrelated to Zatko.[16] At the same time, Defendants three proposed terms are inadequate to the task. Any initial discussion of the May 6 email would not be captured under Defendants' proposal because the sender's identity was not known.

To reduce Defendants' burden, a middle ground seems appropriate. The parties agree on the list of named custodians; however, Plaintiff's proposal also seeks discovery from "all other attorneys for defendants involved in communications related to Zatko."[17] Plaintiff's request concerning custodians makes sense in theory, but in practice it would require time-consuming searches for many attorneys with minimal or no involvement in the matter at issue. Defendants proposed custodian list is accepted, with the proviso that Plaintiff is not foreclosed from requesting discovery of further custodians if Defendants' production demonstrates that this is necessary.

Plaintiff's request for discovery beyond emails is reasonable, particularly given the May 6 email's invitation to communicate "via alternate secure means." Plaintiff's request for the discovery protocol to encompass non-email ESI is granted, as is Plaintiff's demand for hard-copy files.

---

[15] Defs.' Proposed Search Protocol at 3 n.2.

[16] Defs.' Proposed Search Protocol, Ex. E at 8–9.

[17] Pl.'s Proposed Search Protocol, Ex. A at 1.

As discussed above, Plaintiff's search terms are likely overinclusive. Plaintiff previously agreed to remove certain terms from its proposed list after hit reports revealed that they were generating large numbers of false positives.[18] This is an appropriate approach. Defendants shall provide the hit reports and Plaintiff shall limit its search terms to no more than 15.

The parties shall finalize a search protocol based on this order no later than 5 p.m. on Tuesday, October 4. Defendants should complete their supplemental production no later than 5 p.m. on Friday, October 7.

Finally, Spiro is directed to prepare and file, by no later than 4:30 p.m. on Wednesday, October 5, an affidavit describing any actions he took with respect to the May 6 email. To the extent that this affidavit must include information that is subject to a privilege claim, it may be submitted for my initial review *in camera*, with a redacted copy filed and provided to Plaintiff.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[18] Pl.'s Proposed Search Protocol at 7.